## Keough v. The County of Scott.

Bounty: OFFER BY BOARD OF SUPERVISORS. The board of supervisors of Scott county, on the 5th day of July, passed a resolution offering a bounty to volunteers to fill the quota of the county under a call of the President for troops. On the following day the board passed another resolution to carry the first one into effect, and appointed a committee for that purpose, who were directed not to pay any bounty to any volunteer for any precinct or sub-district of the county, after its quota under said call had been filled. It turned out that no quota was due from the county. *Held*, that the two resolutions were to be taken together as forming the promise of the county, and that a volunteer enlisting after the passage of the last resolution, and who was never authorized to receive any bounty by the committee, was not entitled to recover the same of the county.

*Appeal from Scott District Court.*

FRIDAY, OCTOBER 23.

THE board of supervisors of Scott county, on the 5th day of January, 1865, adopted a resolution in the following words, viz. : "Resolved, in order that Scott county fill its quota on the last call for 300,000 men, that this county

offer the sum of $150, as a bounty to volunteers to fill said quota. On the 6th day of January, 1865, the board adopted the following preamble and resolutions, viz.: " Whereas, the President of the United States on the —— day of December, 1864, issued his call for 300,000 men as volunteers for the military service of the United States, and ordered that in case the several districts or sub-districts of each State should not have filled their respective quotas under said call, by the 15th day February, 1865, that a draft should then be made in each district and sub-district of each State to fill such quota, or any deficiency thereof; and, whereas, for the purpose of aiding the several precincts, or sub-districts of this county, to raise their respective quotas, as the same have been or may be assigned by the proper authority under such call for volunteers, this board has adopted a resolution to the effect, that this county will pay the sum of $150, as a bounty to each of such persons who may, or will, volunteer to fill the quotas of the several sub-districts therein.

" Now, therefore, in order to carry into effect the said resolution, and make the same practicable, it is resolved as follows:

" 1. That Rufus Linderman, John M. Lyter, John Collins, D. L. Shorey and the clerk of the board be, and the same are hereby, appointed and constituted a committee to have the management and control of this matter, and to carry the same into effect."

The second and third resolutions provide for the issuing of warrants by the clerk, their conversion into cash, etc., for the purpose of raising a fund to pay said bounties.

" 4. Provided that said committee shall not be authorized in any case to pay any bounty, whether in cash or warrants, to any volunteer, until such volunteer shall have been accepted by the United States authorities as such volunteer for the precinct or sub-district in which he de-

Keough v. The County of Scott.

sires to be credited; and provided further, that said committee shall not be authorized to pay any bounty to any volunteer, for any precinct or sub-district of the county after its quota under said call shall have been filled.

" 5. That said committee shall keep a full and complete account of all the warrants they receive, of all the bounties by them paid, to whom, and when and for what sub-district, and shall report their doings in respect thereto at the next regular meeting of the board.

" 6. And be it further resolved, that in case a sufficient number of volunteers shall not be raised to fill the quotas of the sub-districts of the county under said call, and a draft by the United States authorities shall be made therefor, or to supply any deficiency thereof in any sub-district, then the said committee shall be authorized to pay the sum of $150, either in cash or county warrants, as to them may seem best, to such persons as shall be drafted therein and held to service by the United States by virtue of said draft."

The petition avers that plaintiff, relying upon the offer and representations contained in said resolutions, " volun teered under said call, and was accepted and mustered into said service and credited to the quota of Scott county, Iowa, and to the quota of Pleasant Valley, a township therein."

The answer denies generally the allegations of the petition, and avers, as a special defense, that, at and prior to the time plaintiff volunteered and was mustered into the service of the United States, the quotas of Scott county and Pleasant Valley township were and had been filled, etc., and that there were no volunteers due from said township under said call, etc.

There was evidence tending to prove the enlistment of plaintiff, as a volunteer, on the 16th day of January, 1865; that he was credited to Pleasant Valley township,

Scott county; that he was informed that the county had offered the bounty before he enlisted; that he had been paid the government bounty, and received a local bounty of $350; that he enlisted to get the large bounty, and served about one year.

It was admitted, that the plaintiff did not apply to the committee appointed by the supervisors, for the bounty, and that the committee never acted, and that the resolutions of the board were published in all the daily papers of Davenport. It was also admitted by the plaintiff, "that, in point of fact, on the 21st day of December, 1,864, the date of the President's call for 300,000 volunteers, no quota was due from the State of Iowa, or any county. therein, and there never was thenceforth any quota due."

Verdict and judgment for plaintiff in the sum of $180. Defendant appeals.

*J. B. Leake* for the appellant.

*Brown & Sully* for the appellee.

BECK, J. — The court instructed the jury to the effect that the liability of the defendant arose under the resolu-

*Bounty: offer by board of supervisors.* tion of January 5, 1865, and that such liability is not altered 'or limited under the resolutions of January 6th, and the fact that no quota was due from the county at the time of the offer of the bounty, does not relieve the county ·from liability to persons who enlisted in consequence of such bounty being offered. These instructions, which were excepted to by defendant, are clearly erroneous.

The plaintiff enlisted after the adoption of the resolutions of January 6th. These resolutions prescribe the terms and conditions of the offer of the county to pay the bounties, and, so far as plaintiff's rights are concerned, he

having enlisted after their adoption, are to be considered as a part of the offer or promise of the county.

The committee appointed by the supervisors, under the terms of the resolutions, had the management and control of the matter, and were prohibited from paying the bounties after the quota of the county was filled, and were, in fact, charged with the duty of carrying into effect the resolutions. It was obviously the intention of the board of supervisors to clothe this committee with full powers in regard to the whole business contemplated by the resolutions. This was necessary in order that the bounties should be paid to the proper parties, and to those only who should volunteer to fill the quota. The supervisors may have been uncertain whether there was a quota due from the county, and it seems probable such was the case. The object of the appointment of the committee seems to have been to carry out the intention of the supervisors to give the bounty to such volunteers as should enlist to fill the quota, in case there should be a deficiency, and to see that payments be made to none others. To accomplish this end, it was the duty of the committee to determine whether there was, in fact, a deficiency, and who were the proper persons to receive the bounties. It is obvious that no one could have claimed the bounty unless, under the action and sanction of the committee. But the plaintiff did not enlist under the sanction of this committee, and made no effort to bring himself within the terms of the offer of the supervisors, by seeking the approval of the committee to his enlistment and subjecting his action therein to their sanction. He cannot, therefore, claim the bounty.

The fact that the committee did not act at all, if such be the fact, does not do away with this objection. They probably did not act because there was no necessity for their action, no quota having been assigned to the county.

But be that as it may, their action was necessary in order to bind the county, and whatever was the reason they did not act, plaintiff's right to recover is defeated thereby.

Reversed.